UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

        Plaintiffs,

v.                                        Case No. 8:10-CV-210-T-17MAP

VERNON M. LEE individually and
VERNON M. LEE as trustee of the
Vernon M. Lee Trust,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This case emanates from a Securities and Exchange Commission enforcement action aimed at dealing with the aftermath of a massive Ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager.[1] The receiver appointed in that action, Burton W. Wiand ("Wiand") has sued numerous hedge fund investors, like Vernon M. Lee (individually and as trustee), demanding the return of their "false profits" under two theories: the Florida Uniform Fraudulent Transfer Act ("FUFTA"; *see* Fla. Stat. 726.101, *et seq.*) and unjust enrichment. Lee moves for judgment on the pleadings as to the FUFTA claim (doc. 62). After consideration, I find Wiand's complaint alleges sufficient facts to state a facially plausible claim for relief. Accordingly, I

---

[1] *See Securities and Exchange Comm. v. Arthur Nadel, et al.,* Case No. 8:09-cv-87-T-26TBM.

recommend Lee's motion for judgment on the pleadings be denied.[2]

*A. Background*

On January 21, 2009, the district judge in the enforcement action appointed Wiand as the receiver for various entities in receivership and directed him, *inter alia*, to "institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary…provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute[s] § 726.101, et seq. or otherwise, rescission and restitution…" *Securities and Exch. Comm'n v. Nadel et al.*, No. 8:09-cv-87-T-26TBM, Doc. 8 at 2-3.[3] Following those instructions, Wiand initiated this action on January 19, 2010, to recover money transferred to Lee from receivership entities, asserting claims under the FUFTA and for unjust enrichment or false profits.[4] Wiand seeks to recover the approximately $1 million Lee (individually and as trustee) received in allegedly false profits (the amount he received from the scheme in excess of the amount he invested). *See* doc. 25 at 22 n. 3 and Exhibit A.

In his motion for judgment on the pleadings, Lee argues Wiand's FUFTA claim fails to state a cause of action because FUFTA requires that the asset allegedly fraudulently transferred

---

[2] Per 28 U.S.C. § 636 and Local Rule 6.01(b), the district judge referred this matter to me for a report and recommendation.

[3] The district court judge reappointed Wiand on June 3, 2009.

[4] Exhibit A to the Amended Complaint (doc. 25) shows Vernon M. Lee individually received a total of $945,578.11 in false profits and Vernon M. Lee as trustee of the Vernon M. Lee Trust received $73,424.49 in false profits. I note, however, that the Receiver represents he has received payment of $133,371.09 in partial satisfaction of the amounts sought in this case (doc. 25 at 26 n. 5).

2

be the property of the debtor. Lee contends the allegations in the complaint uniformly state the funds transferred by Nadel were not his to transfer (not his property).

   B. *Standard for Motion for Judgment on the Pleadings*

Pursuant to Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation and quotations omitted); *see also Hart v. Hodges*, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009), *reh'g and reh'g en banc denied*, 401 Fed. Appx. 516 (11th Cir. 2010), *cert. denied*, 130 S. Ct. 3389 (2010). In considering a motion for judgment on the pleadings, the Court accepts as true the facts presented in the complaint and views them in the light most favorable to the nonmovant. *Id.*; *see also Hart*, 587 F.3d at 1290 n.1. "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Serv.*, 413 Fed. Appx. 173, 174 (2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

   C. *Discussion*

Under FUFTA, a transfer is voidable if fraudulent. Fla. Stat. § 726.108. In his amended complaint, Wiand alleges the transfers at issue here were fraudulent under Fla. Stat.

§ 726.105(1)(a) and (b) and § 726.106(1).  Section 726.105 provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> > (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> > > 1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > > 2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Fla. Stat. §726.105.  Section 726.106(1) provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

FUFTA defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."  Fla. Stat. § 726.102(12).  An asset is "property of the debtor" (with three exceptions not relevant here); and property is "anything that may be the subject of ownership."  Fla. Stat. § 726.102(2), (10).  FUFTA further provides "[a] transfer is not made until the debtor has acquired rights in the asset transferred."[5]  Fla. Stat. § 726.107(4).

---

[5] I note FUFTA defines a debtor as "a person who is liable on a claim," Fla. Stat. § 726.102(6), and a creditor as "a person who has a claim."  Fla. Stat. § 726.102(4).  The Amended Complaint alleges the hedge funds and Traders Investment Club are creditors and Nadel is a debtor.  Lee does not present any argument as to these terms.

4

The plain language of FUFTA requires the allegedly fraudulent transfer be of an asset or an interest in an asset, *i.e.*, property of the debtor or an interest in property of the debtor. Lee argues the complaint plainly alleges the assets Nadel is alleged to have fraudulently transferred were not his property. Therefore, Lee argues, he is entitled to judgment on the pleadings on the FUFTA claim.

The district court judge in *In re Burton Wiand Receivership Cases Pending in the Tampa Div. of the Middle Dist. of Fla.*, Nos. 8:05-cv-1856-T-27MSS *et al.*, 2008 WL 818504 (March 26, 2008) (*"Waxenberg II"*), considered the viability of a FUFTA claim in circumstances like those presented here, *i.e.*, where the receiver asserts claims under FUFTA relating to a ponzi scheme perpetrator's transfer of funds from a receivership entity. In *Waxenberg II*, the judge noted the facts alleged in the complaint did not "readily fit the typical formulation of [FUFTA] claims" and that interpreting asset to include "property in the possession of a debtor's alter ego corporation, especially when that alter ego corporation is also the alleged 'creditor'…strains the statutory definition of 'asset.'" *Id.* at *1, 3. Nevertheless, the judge in *Waxenberg II* concluded it was "constrained to recognize the Receiver's FUFTA claims pursuant to *S.E.C. v. Elliott*, 953 F.2d 1560 (11th Cir. 1992)," noting the *Elliott* court "indicated a willingness to allow a receiver to pursue a FUFTA claim" under substantially similar circumstances and "at least implicitly, recognized that in a receivership proceeding, there need not be an artificial distinction between

the property of a [p]onzi scheme perpetrator and the property of his alter ego corporations used to perpetrate the scheme."[6] *Id.* at *3; *see also In re Bendetti*, 131 Fed. Appx. 224, 227 (11th Cir. 2005) (court stated Florida law (FUFTA) requires the party seeking to undo a transfer to show the debtor actually owned the property at issue and concluded the trustee failed to establish debtor was the de facto, constructive, or equitable owner of any of the transferred assets or that the corporate veil should be pierced). *Waxenberg II* further noted the language in Section 726.107(4), which states a "transfer is not made until the debtor has acquired rights in the asset transferred," and concluded "[a]rguably, a debtor may have 'rights' in property over which he has constructive control, if not legal title [and there was,] at the least, a question as to whether Waxenberg had 'rights' in the Receivership Entities' funds sufficient to effect a transfer." 2008 WL 818504, at *4.

I find the *Waxenberg II* reasoning persuasive and equally applicable in this case. *See also Warfield v. Carnie*, No. 3:04-cv-633-R, 2007 WL 1112591, at *9 (N.D. Tex. 2007) ("receiver of an alleged [p]onzi scheme may sue under the UFTA to recover funds paid from the entity in receivership"). Accordingly, I conclude Lee's motion for judgment on the pleadings is without merit.

*D. Conclusion*

For the foregoing reasons, it is hereby

---

[6]"Under Florida law, to pierce the corporate veil a plaintiff must show that the corporation was organized or employed as a mere device or sham to work a fraud on creditors." *Government of Aruba v. Sanchez*, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002) (citations omitted); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1320 (11th Cir. 1998).

RECOMMENDED:

1. Lee's motion for judgment on the pleadings (doc. 62) as to Count I of Plaintiff's Amended Complaint be denied.

IT IS SO REPORTED at Tampa, Florida on February 13, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Elizabeth A. Kovachevich
Counsel of Record